NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JERRY WAYNE SCOTT, *Petitioner/Appellee*,

*v.*

JENNY ELLEN SCOTT, *Respondent/Appellant*.

No. 1 CA-CV 24-0698 FC

FILED 03-25-2025

Appeal from the Superior Court in Maricopa County
No. DR1999-009390
The Honorable Melissa Zabor, Judge

**AFFIRMED**

COUNSEL

Raymond S. Dietrich, PLC, Phoenix
By Raymond S. Dietrich
*Counsel for Petitioner/Appellee*

Popp Law Firm, PLC, Tempe
By James S. Osborn Popp
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

---

**P A T O N**, Judge:

¶1        Jenny Ellen Scott ("Wife") appeals the superior court's grant of Jerry Wayne Scott's ("Husband") motion to dismiss her petition for post-decree relief.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Husband and Wife were married in May 1990.  Husband petitioned for dissolution of marriage in May 1999.  The parties reached a settlement agreement (the "Agreement") which, among other things, awarded Wife one-half of Husband's public service employment retirement account "pursuant to a Qualified Domestic Relations Order" to be entered later.  The Agreement stated it was expressly incorporated in the consent decree, but not merged, and the court incorporated it in its March 2000 consent decree dissolving the marriage.

¶3        In April 2024, Wife filed a petition for post-decree relief asking the court to enter a domestic relations order ("DRO") enforcing her one-half interest in Husband's retirement account.  Wife noted she first presented a draft DRO to Husband requesting stipulated entry, but he failed to respond, which led to her petition.  Husband moved to dismiss, which the court granted, noting it "lacks jurisdiction to take action as requested by [Wife]" because the DRO was part of the separate settlement agreement the parties reached, and was therefore not part of the dissolution decree.

¶4        Wife moved to alter/amend the judgment, which the superior court denied.  Wife timely appealed and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(2).

## DISCUSSION

¶5        Wife argues the superior court erred by ruling it lacked jurisdiction over her post-decree enforcement claim.  She contends the court had jurisdiction to enforce her claim under A.R.S. § 25-317(E).

2

¶6　　　　　We review the superior court's "ruling on a post-decree petition to enforce for an abuse of discretion." *In re Marriage of Rojas*, 255 Ariz. 277, 282, ¶ 10 (App. 2023).  We review an order granting a motion to dismiss de novo.  *Cox v. Ponce*, 251 Ariz. 302, 304, ¶ 7 (2021).

¶7　　　　　"To promote amicable settlement of disputes," parties to a dissolution proceeding "may enter into a written separation agreement containing provisions for disposition of any property owned by either of them[.]" A.R.S. § 25-317(A).  The superior court may accept that agreement in one of two ways—either (1) "the separation agreement shall be set forth or incorporated by reference in the decree of dissolution . . . and the parties shall be ordered to perform them" or (2) "[i]f the separation agreement provides that its terms shall not be set forth in the decree, the decree shall identify the separation agreement as incorporated by reference[.]" A.R.S. § 25-317(D).  Under the second scenario, the court does not order the parties to perform the referenced terms and instead makes a finding that "the terms as to property disposition and maintenance [are] not unfair." A.R.S. § 25-317(D); *see also Meek v. Meek*, 256 Ariz. 405, 410, ¶ 23 (App. 2023).

¶8　　　　　Although both alternatives use the phrase "incorporated by reference," the first way has been referred to as "merger" into the decree. *LaPrade v. LaPrade*, 189 Ariz. 243, 247 (1997).  And if merged, a separation agreement is "superseded by the decree, and the obligations imposed are not those imposed by contract, but are those imposed by decree, and enforceable as such." *Marriage of Rojas*, 255 Ariz. at 283, ¶ 14.  Section 25-317(E) refers to an "agreement set forth or incorporated by reference" which is a merged agreement.  A.R.S. § 25-317(E), *see LaPrade*, 189 Ariz. at 247.  Thus, only a merged separation agreement is "enforceable by all remedies available for enforcement of a judgment, including contempt." A.R.S. § 25-317(E).

¶9　　　　　If, on the other hand, a separation agreement is incorporated by reference without the decree setting forth the terms and ordering that they be enforced, "the agreement retains its independent contractual status and is subject to the rights and limitations of contract law." *Marriage of Rojas*, 255 Ariz. at 283, ¶ 16 (citation omitted).  The purpose of incorporation into the decree is only "to identify the agreement so as to render its validity res judicata in any subsequent action based upon it." *Id.* (citation omitted).  Agreements incorporated by reference "are not enforceable as an element of a judgment or decree as under [Section] 25-317(E), but can only be enforced by 'a separate action on the contract, by obtaining a judgment thereon and then enforcing it as any other civil judgment.'" *Id.* at ¶ 17 (citation omitted).

**¶10** Here, both the Agreement and decree contain language stating that the Agreement was incorporated by reference and not merged into the decree. The Agreement states: "It is the intention of the parties that this Agreement shall be submitted to the Court for approval and attached as an exhibit . . . but shall not be merged into the Decree, and shall retain its character as a separately enforceable and self-sustaining contract." The decree likewise states: "The Settlement Agreement . . . is incorporated herein and approved by this Court, but shall not be merged." Wife does not dispute that the Agreement is incorporated by reference and not merged.

**¶11** Because the Agreement is incorporated by reference and not merged, it is "not enforceable as an element of a judgment or decree as under [Section] 25-317(E), but can only be enforced by 'a separate action on the contract, by obtaining a judgment thereon and then enforcing it as any other civil judgment.'" *Marriage of Rojas*, 255 Ariz. at 283, ¶ 17 (citation omitted). Wife's reliance on *Eans-Snoderly v. Snoderly*, 249 Ariz. 552 (App. 2020) and the court's authority under Section 25-317(E) is misplaced, because neither the case nor statute apply to agreements incorporated by reference but not merged into the decree. Here, the superior court could not enforce a term of the Agreement as if it were an element of the consent decree and, therefore, properly dismissed Wife's petition.

**¶12** Both parties request their attorneys' fees and costs on appeal under Section 25-324 and Arizona Rule of Civil Appellate Procedure ("ARCAP") 21. In our discretion, we decline to award fees. As the prevailing party, Husband is entitled to his taxable costs on appeal upon compliance with ARCAP 21(b).

## CONCLUSION

**¶13** We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR

4